**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Cedric Dion ALLEN, Defendant—Appellant.**

**No. 05–30231.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2006.

Decided May 5, 2006.

Ronald W. Skibbie, Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Stephen R. Hormel, Esq., Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: CANBY, GOULD, and BEA, Circuit Judges.

## MEMORANDUM *

Cedric Allen appeals the district court's order denying his motion to suppress evidence.[1] Allen was arrested inside a motel room in Spokane, Washington, after Sergeant Brad Thoma climbed through an unlocked window and discovered in plain view evidence of narcotics trafficking.[2] Because Thoma did not have a search warrant when he entered the motel room, Allen argued that the district court should suppress the evidence found inside the room. The government urged that Thoma lawfully entered the motel room under the emergency doctrine. The district court denied Allen's motion to suppress.

The emergency doctrine permits a police officer to enter a residence without a warrant if the facts available to the officer support a reasonable belief "that a person within is in need of immediate aid." *Mincey v. Arizona,* 437 U.S. 385, 392, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978). To invoke the emergency doctrine, the government must satisfy three criteria:

(1) The police must have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property. (2) The search must not be primarily motivated by intent to arrest and seize evidence. (3) There must be some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched.

*United States v. Cervantes,* 219 F.3d 882, 888 (9th Cir.2000) (quoting *People v. Mitchell,* 39 N.Y.2d 173, 383 N.Y.S.2d 246, 347 N.E.2d 607, 609 (1976)). Allen does not dispute that the government satisfied the second and third criteria. Rather, he contends that Sergeant Thoma did not have reasonable grounds to believe that an emergency existed inside the motel room.

Before he climbed through the motel-room window, Sergeant Thoma had learned that four days earlier Tanya Selke had been reported missing. The on-board computer in Thoma's patrol car displayed

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We review de novo an order denying a motion to suppress evidence. *United States v. Bynum,* 362 F.3d 574, 578 (9th Cir.2004).

We review for clear error the factual findings contained in such an order. *Id.*

2. Because the parties are familiar with the facts and the procedural history underlying this appeal, we mention them only insofar as necessary to explain our decision.

this about Selke: "MISSING PERSON INVOLUNTARY" and, several lines lower, "SUICIDAL / DRUG USE / PROSTITUTION." Also, Thoma was told by the manager of the Select Inn that Selke had rented room 114. Although light was flickering from the television in room 114, Thoma could not see inside the room because the curtains were drawn. The words "Do Not Disturb" were displayed in a window above the motel-room door-knob. This would not have shown unless the dead-bolt lock had been engaged by someone inside the room. No one answered when Thoma knocked, then banged, and finally kicked the motel room door.

These facts gave Thoma reasonable grounds to believe that Selke was inside room 114 and in need of emergency police or medical assistance. Thoma had reason to be concerned that Selke might be attempting to commit suicide. It was certain that an occupant of room 114 had engaged the door's dead-bolt lock from the inside, and no one was answering the door. Thoma had reasonable grounds to look inside room 114 without a warrant. *See Martin v. City of Oceanside*, 360 F.3d 1078, 1082 (9th Cir.2004). When Thoma did so, he saw a man standing by the bed wearing boxer shorts and a fully-clothed woman, who ran into the bathroom. The presence of two persons in the room, who did not respond to Thoma's clamor at the door, surely diminished the possibility that Selke had attempted or committed suicide. But it was then reasonable for Thoma to be concerned that Selke was being held in room 114 against her will. The computer in Thoma's patrol car had indicated that Selke was missing "involuntar[ily]," and that she had a connection to prostitution. These facts gave Thoma reasonable grounds to believe that Selke may have been a hostage inside room 114, and that, in any event, she needed emergency police assistance.

The emergency doctrine serves the public's interest in accommodating circumstances where police have reasonable grounds to think a person needs immediate aid. We conclude that Thoma lawfully entered room 114 without a warrant pursuant to the emergency doctrine. *See Cervantes*, 219 F.3d at 890. That being so, the district court did not err by denying the motion to suppress the evidence that Thoma then discovered in plain view. *See Horton v. California*, 496 U.S. 128, 136–37, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990).

**AFFIRMED.**